UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

CHRISTOPHER TYO,

       Plaintiff,                               DECISION AND ORDER
                                                         11-CV-6239

Vs.

LAKESHORE HOCKEY ARENA, INC. and
BRUCE RIZZO,

       Defendant.
_____


**APPEARANCES**

| | |
|---|---|
| For Plaintiff: | Lucinda Odell Lapoff, Esq. |
| | Matthew J. Fusco, Esq. |
| | Chamberlain D'Amanda Oppenheimer & Greenfield LLP |
| | 1600 Crossroads Building |
| | Two State Street |
| | Rochester, NY 14614 |
| | (585) 232-3730 |
| For Defendants: | James P. Vacca, Esq. |
| | One East Main Street, Suite 805 |
| | Rochester, NY 14614 |
| | (585) 423-0110 |

## INTRODUCTION

**Siragusa, J.** This Fair Labor Standards Act case is before the Court on Plaintiff's motion, Sep. 7, 2012, ECF No. 23, for partial summary judgment. For the reasons stated below, Plaintiff's application is granted.

## FACTUAL BACKGROUND

As the Second Circuit noted in *Glazer v. Formica Corp.*, 964 F.2d 149 (2d Cir. 1992):

> When a party has moved for summary judgment on the basis of asserted facts supported as required by Fed. R. Civ. P. 56(e) and has, in accordance with local court rules, served a concise statement of the material facts as to which it contends there exist no genuine issues to be tried, those facts will be deemed admitted unless properly controverted by the nonmoving party.

*Id.* at 154. In this case, Plaintiff followed W.D.N.Y. Loc. R. Civ. P. 56(a)(1) by filing a statement of undisputed material facts. Defendant, who opposes the motion, was required by the same rule to file a response to each statement of material fact in Plaintiff's statement. *Id.* R. 56(a)(2). "Each numbered paragraph in the moving party's statement of material facts will be deemed admitted for purposes of the motion unless it is specifically controverted by a correspondingly numbered paragraph in the opposing statement." *Id.* Defendants have filed no opposing statement of facts and, contrary to the requirement of the local rule, have not filed a memorandum of law opposing Plaintiff's motion. W.D.N.Y. Loc. R. Civ. P. 7(a)(2)(A). Consequently, the Court accepts Plaintiff's statement of facts in its entirety, having found that the statements are supported by evidentiary proof in admissible form:

> 1. This complaint was filed on May 5, 2011 and asserts claims under the Fair Labor Standards Act, 29 U.S.C. §207, etc., and the New York Labor Law to recover unpaid overtime compensation. This action also asserts a

claim for illegal retaliation under §215(a)(3) of the FLSA and §215(2) of the Labor Law.

2. Plaintiff brings this motion for partial summary judgment with respect to his claims for unpaid overtime and liquidated damages.

3. Tyo was hired on or about July 19, 2010 by Bruce Rizzo to conduct maintenance and repairs at Lakeshore Hockey Arena. His hourly rate was $21.50 per hour. In mid-December 2010, Tyo was given a raise to $22.50 per hour. Tyo Decl. at ¶2, ¶4.

4. In addition to his hourly rate of pay, Tyo received benefits including health insurance, dental insurance, two weeks' paid vacation, one weeks' personal time, and use of a company truck. With Rizzo's approval, Tyo used some of the vacation days for pre-existing commitments in the late summer and fall of 2010. Whenever he used vacation days, this two-week "bank" was charged for the hours he used and appeared on his paycheck as "vacation." Tyo did not use any of the personal days. Tyo Decl. at ¶3, ¶13; Rizzo Tr. at 20.

5. Tyo's job duties included putting in the ice for the season, maintenance and repair of the Zamboni, the ice edger and the ice surface, minor ice refrigeration maintenance and repairs, minor building maintenance and repairs, and some communication of information to other Zamboni drivers. Tyo Decl. at ¶5.

6. Tyo's work was directly supervised by defendant Rizzo, who hired him, set his work hours and rate of pay, and handled all of his work-related issues. Tyo Decl. at ¶6.

7. On several occasions, Tyo worked more than forty hours per week. These hours were documented on Tyo's timesheets. Tyo Decl. at ¶7.

8. Tyo was not compensated at time-and-one-half for the overtime hours he worked. Rizzo told him that he was not going to pay for hours over 40 in a work week. He told Tyo that he would implement a "comp time" system that would track his hours over 40 and Tyo could use those hours the following summer as "vacation time." If Tyo took time off before the summer, Rizzo stated, the "comp time" bank would cover those hours too. Tyo Decl. at ¶8; Rizzo Tr. at 10-12.

9. Rizzo was aware that Tyo was working overtime. Tyo Decl. at 7-8; Rizzo Tr. at 12.

10. Rizzo made no effort to ascertain if the "comp time" arrangement was permissible or legal under the Fair Labor Standards Act or the New York Labor Law. Rizzo Tr. at 14-28, 63-64.

11. Attached as Exhibit A to the Lapoff Declaration is a chart that accurately summarizes the overtime owed to Tyo. Tyo Decl. at ¶12. Tyo is owed for 70.1 hours of overtime totaling $2260.73, plus liquidated damages totaling $2260.73.

12. Tyo is also owed for accrued but unused vacation and personal time, which is also reflected on Exhibit A. These amounts total $1524.37.

Pl.'s Loc. R. 56 Statement of Undisputed Facts, Sept. 7, 2012, ECF No. 23-1.

## STANDARDS OF LAW

### *Summary Judgment*

The standard for granting summary judgment is well established. Summary judgment may not be granted unless "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). A party seeking summary judgment bears the burden of establishing that no genuine issue of material fact exists. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970). "[T]he movant must make a *prima facie* showing that the standard for obtaining summary judgment has been satisfied." 11 Moore's Federal Practice, § 56.11[1][a] (Matthew Bender 3d ed.). That is, the burden is on the moving party to demonstrate that the evidence creates no genuine issue of material fact. *See Amaker v. Foley,* 274 F.3d 677 (2d Cir. 2001); *Chipollini v. Spencer Gifts, Inc.*, 814 F.2d 893 (3d Cir.1987) (*en banc*). Where the non-moving party will bear the burden of proof at trial, the party moving for summary judgment may meet its burden by showing the evidentiary materials of record, if reduced to admissible evidence, would be insufficient to

4

carry the non-movant's burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986).

Once that burden has been met, the burden then shifts to the non–moving party to demonstrate that, as to a material fact, a genuine issue exists. Fed. R. Civ. P. 56(e); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). A fact is "material" only if the fact has some affect on the outcome of the suit. *Catanzaro v. Weiden*, 140 F.3d 91, 93 (2d Cir. 1998). A dispute regarding a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248. In determining whether a genuine issue exists as to a material fact, the court must view underlying facts contained in affidavits, attached exhibits, and depositions in the light most favorable to the non-moving party. *U.S. v. Diebold, Inc.*, 369 U.S. 654, 655 (1962). Moreover, the court must draw all reasonable inferences and resolve all ambiguities in favor of the non-moving party. *Leon v. Murphy*, 988 F.2d 303, 308 (2d Cir.1993); *Anderson*, 477 U.S. at 248-49; *Doe v. Dep't of Pub. Safety ex rel. Lee*, 271 F.3d 38, 47 (2d Cir. 2001), *rev'd on other grounds Connecticut Dept. of Public Safety v. Doe*, 538 U.S. 1, 123 S.Ct. 1160 (2003); *International Raw Materials, Ltd. v. Stauffer Chemical Co.*, 898 F.2d 946 (3d Cir. 1990). However, a summary judgment motion will not be defeated on the basis of conjecture or surmise or merely upon a "metaphysical doubt" concerning the facts. *Bryant v. Maffucci*, 923 F.2d 979, 982 (2d Cir. 1991) (citing *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)); *Knight v. United States Fire Ins. Co.*, 804 F.2d 9 (2d Cir. 1986). Rather, evidentiary proof in admissible form is required. Fed. R. Civ. P. 56(e). Furthermore, the party opposing summary judgment "may

not create an issue of fact by submitting an affidavit in opposition to a summary judgment motion that, by omission or addition, contradicts the affiant's previous deposition testimony." *Hayes v. New York City, Department of Corrections*, 84 F.3d 614, 619 (2d Cir. 1996).

*Fair Labor Standards Act*

"The Fair Labor Standards Act generally requires that employees be paid an overtime premium of 'time-and-one-half' for all hours worked in excess of forty hours in a week." *Samson v. Apollo Resources, Inc.*, 242 F.3d 629, 633 (5th Cir. 2001) (citing 29 U.S.C. § 207(a)). An employer may not credit employees with compensatory time in lieu of such payment, unless the employer is a "public agency which is a State, a political subdivision of a State, or an interstate governmental agency." 29 U.S.C. § 207(o). The Act also creates a private right of action for its violation, and provides for liquidated damages and attorney's fees. 29 U.S.C. § 216.

*New York Labor Law*

Plaintiff also relies in part on New York Labor Law, which states in pertinent part as follows: "The minimum wage recommended by the wage board shall not be in excess of an amount sufficient to provide adequate maintenance and to protect the health of the employees." N.Y. Labor Law § 655(5)(a). Plaintiff also cites to the applicable regulation, which states in relevant part:

> An employer shall pay an employee for overtime at a wage rate of one and one-half times the employee's regular rate in the manner and methods provided in and subject to the exemptions of Section 7 and Section 13 of 29 U.S.C. 201 *et seq.*, the Fair Labor Standards Act of 1938, as Amended, provided, however that the exemptions set forth in Section 13(a)(2) and 13(a)(4) shall not apply. In addition, an employer shall pay employees subject to the exemptions of Section 13 of the Fair Labor Standards Act, as

6

Amended, except employees subject to Section 13(a)(2) and 13(a)(4) of such Act, overtime at a wage rate of one and one-half times the basic minimum hourly rate.

12 N.Y.C.R.R. § 142-2.2 (Aug. 20. 2003).

## ANALYSIS

The undisputed facts before the Court on this motion show that Tyo is owed for 70.1 hours of overtime totaling $2,260.73. Although Defendants argue that Plaintiff was paid for more hours than he actually worked, and that those overpayments should be averaged to arrive at an accurate figure for overtime payments, that argument is foreclosed by the U.S. Department of Labor's regulation, which states in pertinent part:

> The Act takes a single workweek as its standard and does not permit averaging of hours over 2 or more weeks. Thus, if an employee works 30 hours one week and 50 hours the next, he must receive overtime compensation for the overtime hours worked beyond the applicable maximum in the second week, even though the average number of hours worked in the 2 weeks is 40. This is true regardless of whether the employee works on a standard or swing-shift schedule and regardless of whether he is paid on a daily, weekly, biweekly, monthly or other basis. The rule is also applicable to pieceworkers and employees paid on a commission basis. It is therefore necessary to determine the hours worked and the compensation earned by pieceworkers and commission employees on a weekly basis.

29 C.F.R. § 778.104, 33 F.R. 986 (Jan. 26, 1968). Moreover, Defendants have offered no evidentiary proof in admissible form to support their arguments.

Plaintiff also contends he is owed liquidated damages amounting to $2,260.73. This claim is based on the FLSA. *See* 29 U.S.C. § 216(b) (employers who violate FLSA "shall be liable to the employee" for "unpaid overtime compensation...and in an additional equal amount as liquidated damages."). Defendants argue that liquidated damages are

not appropriate here, and the Court has discretion to disallow them under 29 U.S.C. § 260. That section reads in relevant part as follows:

> if the employer shows to the satisfaction of the court that the act or omission giving rise to such action was in good faith and that he had reasonable grounds for believing that his act or omission was not a violation of the Fair Labor Standards Act of 1938, as amended, the court may, in its sound discretion, award no liquidated damages or award any amount thereof not to exceed the amount specified in section 16 of such Act [29 USCS § 216].

29 U.S.C. § 260. Defendants respond to Plaintiff's argument by stating that:

> I do not believe that my actions, nor my actions as President of Lakeshore Hockey Arena, Inc., were in violation of the FLSA. Clearly, if the Plaintiff was paid for more hours by the Defendant's [sic], than he actually worked, this is and of itself a good faith exception for believing that its act or omission was not a violation of the FLSA. As a result, the Defendant's [sic] should not be responsible for the payment of liquidated damages.

Rizzo Decl. ¶ 15, Oct. 5, 2012, ECF No. 25. Defendants' counsel stated in his declaration that, "[i]n his Interrogatory Responses to the Plaintiff, Mr. Rizzo stated that Lakeshore Hockey Arena, Inc., does not now utilize any system of compensatory time at present." Vacca Decl. ¶ 5, Oct. 5, 2012, ECF No. 25-1. In addition to acknowledging that the burden is "on the employer to show the 'good faith' affirmative defenses," *Id.* ¶ 17, Defendants' counsel argues that, "if the Plaintiff was paid for more hours by the Defendant's [sic], than he actually worked, this is and of itself a good faith exception for believing that its act or omission was not a violation of the FLSA." *Id.* ¶ 22. Counsel cites no authority to support his contention.

Defendants provide no evidence that they acted in good faith. *See Tlacoapa v. Carregal*, 386 F. Supp. 2d 362, 368 (S.D.N.Y. 2005) ("Ignorance of FLSA requirements is insufficient to establish good faith and the employer must 'take active steps to ascertain the dictates of the FLSA and then act to comply with them.' *Herman v. RSR Security*

*Services Ltd.*, 172 F.3d 132, 142 (2d Cir. 1999) (citing *Reich v. Southern New Eng. Telecoms. Corp.*, 121 F.3d 58, 71).")."). As was the case in *Tlacoapa*, here, "[t]here is no evidence that the Defendant made any effort to ascertain FLSA requirements…." *Id*. Therefore, Plaintiff is entitled to the full liquidated damages provided for in the FLSA.

Finally, individual defendant Bruce Rizzo ("Rizzo") argues that he was never Plaintiff's employer and should not, therefore, remain as a party in this action. Plaintiff points out, however, that in Rizzo's individual answer to the complaint, "Bruce Rizzo…hereby states as follows: 1. Admits the allegations set forth in paragraphs numbered and styled…9… of the Plaintiff's Complaint." Answer ¶ 1, Jun. 30, 2011, ECF No. 3. Paragraph nine of the complaint states, "Defendant Bruce Rizzo ("Rizzo") is, upon information and belief, the President of Lakeshore, the sole shareholder of Lakeshore, and is an 'employer' within the meaning of the FLSA and the Labor Law." Compl. ¶ 9, May 5, 2011, ECF No. 1. "Under Federal Rule of Civil Procedure 8(b)(2), an 'allegation—other than one relating to the amount of damages—is admitted if a responsive pleading is required and the allegation is not denied.'" *Kule-Rubin v. Bahari Group Ltd.*, No. 11 Civ. 2424 (TPG), 2012 U.S. Dist. LEXIS 29000 (S.D.N.Y. Mar. 5, 2012). Having made the admission, Rizzo is stuck with it. *Bank of Am., N.A. v. Farley*, 00 Civ. 9346 (DC), 2001 U.S. Dist. LEXIS 21676 (S.D.N.Y. Dec. 28, 2001). Moreover, as explained by the district court in *Chao v. Vidtape, Inc.*, 196 F. Supp. 2d 281 (E.D.N.Y. 2002):

> "Employer" is defined as "any person acting directly or indirectly in the interest of an employer in relation to an employee." 29 U.S.C. § 203(d); *see also Herman v. RSR Sec. Svcs. Ltd.*, 172 F.3d 132, 139 (2d Cir. 1999) (noting that "employer" should be interpreted expansively.) Factors examined under the Second Circuit's economic reality test in determining whether an individual is an employer include: (1) whether the alleged employer had the power to hire and fire employees; (2) whether he or she supervised and controlled employee work schedules or conditions of

employment; (3) whether he or she determined the rate and method of payment; and (4) whether he or she maintained employment records. *See RSR Sec. Svcs.*, 172 F.3d at 139. Since this is a "totality of the circumstances test," any relevant evidence can be examined, and not all factors are required to be present. *See id.*

*Chao*, 196 F. Supp. 2d at 290. Here, Plaintiff has produced evidentiary proof in admissible form that shows Rizzo had the power to hire and fire Plaintiff, supervised and controlled Plaintiff's work schedules, determined Plaintiff's rate and method of pay, and used a private payroll firm to maintained the business' employment records. Under the totality of circumstances, Rizzo was an employer under the FLSA.

Turning to the actual amount of overtime worked and not paid, and the issue of unpaid vacation and personal time, Defendants argue that even if the records show 70 hours of overtime, that amount should be reduced by 50% because of the times Plaintiff was paid to work and did not. Rizzo Decl. ¶ 14. As stated above, the "averaging" argument Defendants made is foreclosed by 29 C.F.R. § 778.104. Further, Defendants have presented no evidence to show that the time sheets submitted by Plaintiff are inaccurate. Consequently, the Court finds that Plaintiff worked 70.1 hours of overtime totaling $2,260.73. Additionally, he is owed liquidated damages totaling $2,260.73. Plaintiff is also owed for accrued but unused vacation and personal time totaling $1,524.37. Finally, the Court will "allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b).

## CONCLUSION

Plaintiff's motion for partial summary judgment, Sept. 7, 2012, ECF No. 23, is granted. The Clerk shall enter judgment in the amount of $6,045.83 for Plaintiff. Costs are allowed to Plaintiff in accordance with 28 U.S.C. § 1920, and the Court awards a

reasonable attorney's fee, to be determined on motion filed by Plaintiff's counsel, pursuant to 29 U.S.C. § 216(b). This case is to remain open as there are unresolved causes of action.

    IT IS SO ORDERED.

Dated:  April 10, 2013
         Rochester, New York

                ENTER.

                      /s/ Charles J. Siragusa
                      CHARLES J. SIRAGUSA
                      United States District Judge