## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF NEW YORK

CHRISTOPHER TYO,

|  |  |
|---|---|
| Plaintiff, | |
| -vs- | DECISION & ORDER |
| LAKESHORE HOCKEY ARENA, INC., and BRUCE RIZZO, | 11-CV-6239-CJS-MWP |
| Defendants. | |

### APPEARANCES

| | |
|---|---|
| For Plaintiff: | Matthew J. Fusco, Esq.<br>Chamberlain D'Amanda Oppenheimer &<br>Greenfield LLP<br>1600 Crossroads Building<br>Two State Street<br>Rochester, NY 14614<br>(585) 232-3730 |
| For Defendants: | James P. Vacca, Esq.<br>One East Main Street Suite 805<br>Rochester, NY 14614<br>(585) 423-0110 |

### INTRODUCTION

**Siragusa, J.** This case is before the Court on Plaintiff's application for attorney fees, April 22, 2013, ECF No 33, and supplemental motion, also for attorney fees, May 1, 2013, ECF No. 35. Defendants have filed an affidavit in opposition and Plaintiff has replied. For the reasons stated below, Plaintiff's applications are granted.

## FACTUAL BACKGROUND

The Court presumes the parties are familiar with the factual background and will recite only what is necessary for its decision on the pending motions. On April 11, 2013, the Court entered a Decision and Order granting partial summary judgment to Plaintiff in the amount of $6,045.83 for Defendants' violation of the Fair Labor Standards Act ("FLSA"). In its Decision, the Court stated it would allow a reasonable attorney's fee pursuant to 29 U.S.C. § 216(b). In his first application, Plaintiff seeks a total attorney's fee of $16,695, as well as costs totaling $605. In his supplemental motion, Plaintiff seeks additional costs of $400 resulting from the Federal Court Mediation Program.

Defendants oppose the amounts sought by Plaintiff, stating that "such sums are not reasonable based upon the facts of this case." Vacca Decl. ¶ 4, May 17, 2013, ECF No. 37.[1] Further, Defendants question whether Plaintiff's counsel's hourly fee is $300 or $250 and suggest that the Court obtain a copy of any retainer agreement or engagement letter that exists between Plaintiff's counsel and Plaintiff. *Id*. ¶ 6. Additionally, Defendants contend that counsel's claim of having spent 95.4 hours on this case is belied by the papers, which show only 68.2 hours to date. *Id*. ¶ 7.

In response, Plaintiff's counsel contends that,

In this case, plaintiff Tyo is seeking two forms of relief: unpaid overtime, vacation time, and liquidated damages, and damages for his retaliatory termination. So far, he has succeeded completely on his claim for unpaid overtime, liquidated damages and vacation time. The retaliation claim is going to trial. He has prevailed on every aspect of this case that has come before the Court for decision.

Lapoff Reply Decl. ¶ 16, May 28, 2013, ECF No. 38.

---

[1]The declaration by James P. Vacca, Sr., Esq., includes both factual information as well as legal argument. Mr. Vacca did not file a memorandum of law.

**STANDARDS OF LAW**

The FLSA mandates the payment of an attorney's fee, as well as costs of the action. 29 U.S.C. § 216(b) ("The court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action."). The Court's discretion extends "only to the amount allowed." *Hagelthorn v. Kennecott Corp*, 710 F.2d 76, 86 (2d Cir. 1983).

With regard to calculating attorney fees, the Supreme Court addressed the issue in the context of a civil rights case and stated that,

> [t]he most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate. This calculation provides an objective basis on which to make an initial estimate of the value of a lawyer's services. The party seeking an award of fees should submit evidence supporting the hours worked and rates claimed. Where the documentation of hours is inadequate, the district court may reduce the award accordingly.

*Hensley v. Eckerhart*, 461 U.S. 424, 433-34 (1983). Later, the Supreme Court clarified in *Texas State Teacher Ass'n v. Garland Independent School Dist.*, 489 U.S. 782 (1989), the law as it applies in a case where a plaintiff has achieved limited success, writing:

> The Court [in *Hensley*] then went on to establish certain principles to guide the discretion of the lower courts in setting fee awards in cases where plaintiffs have not achieved complete success. Where the plaintiff's claims are based on different facts and legal theories, and the plaintiff has prevailed on only some of those claims, we indicated that "[t]he congressional intent to limit [fee] awards to prevailing parties requires that these unrelated claims be treated as if they had been raised in separate lawsuits, and therefore no fee may be awarded for services on the unsuccessful claim." *Hensley*, *supra*, 461 U.S., at 435, 103 S. Ct., at 1940. In the more typical situation, where the plaintiff's claims arise out of a common core of facts, and involve related legal theories, the inquiry is more complex. In such a case, we indicated that "the most critical factor is the degree of success obtained." 461 U.S., at 436, 103 S. Ct., at 1941. We

noted that in complex civil rights litigation, "the plaintiff often may succeed in identifying some unlawful practices or conditions," but that "the range of possible success is vast," and the achievement of prevailing party status alone "may say little about whether the expenditure of counsel's time was reasonable in relation to the success achieved." *Ibid*. We indicated that the district courts should exercise their equitable discretion in such cases to arrive at a reasonable fee award, either by attempting to identify specific hours that should be eliminated or by simply reducing the award to account for the limited success of the plaintiff. *Id.*, at 437, 103 S. Ct., at 1941.

*Texas State Teachers Ass'n*, 489 U.S. at 789–90.

Notwithstanding the Supreme Court's use of the lodestar method in *Hensley*, the Second Circuit, in *Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany*, 522 F.3d 182 (2d Cir. 2008), observed that the Supreme Court had left intact the twelve factors considered by the Fifth Circuit in its decision, *Johnson* v. *Georgia Highway Exp., Inc.*, 488 F.2d 714 (5th Cir. 1974). The Second Circuit outlined the confusion engendered in the fee-setting jurisprudence, concluding that, "[t]he net result of the fee-setting jurisprudence here and in the Supreme Court is that the district courts must engage in an equitable inquiry of varying methodology while making a pretense of mathematical precision." *Arbor Hill*, 522 F.3d at 189.[2] Subsequent to *Arbor Hill*, the Supreme Court decided *Perdue v. Kenny A.*, 559 U.S. 542, 551 (2010), in which it held that the loadstar method was the preferred one for adjudicating attorney fees. *In Trustees of the Empire State Carpenters Welfare v. M.R. Drywall Servs.*, No. CV-11-

---

[2]The panel's first *Arbor Hill* decision, reported at 493 F.3d 110 in 2007, was superseded by this decision, reported at 522 F.3d 182 in 2008. Interestingly, retired Supreme Court Associate Justice Sandra Day O'Connor, sat on the three-judge panel that decided *Arbor Hill*. Justice O'Connor was on the Supreme Court and in the majority when it decided *Hensley*, and authored the Supreme Court's opinion in *Texas State Teachers Ass'n*. This Court applied *Arbor Hill* in *Sinclair v. City of Rochester*, No. 07-CV-6277, 2007 U.S. Dist. LEXIS 77566, *6 (W.D.N.Y. Oct. 18, 2007) in denying an attorney fee application for a removed case remanded to state court.

1842 (JS) (WDW), 2012 U.S. Dist. LEXIS 123937, 9–10 (E.D.N.Y. Aug. 6, 2012), the district court observed that "[i]t would appear that although use of the *Johnson* 'method' is now proscribed, reference to the *Johnson* 'factors' is still useful in calculating a presumptively reasonable fee in this Circuit."

## ANALYSIS

Reviewing Plaintiff's counsel's submissions, the Court acknowledges that Ms. Lapoff has been practicing in this area of wage and hour litigation for 15 years and her partner, Mr. Fusco, for 25 years in labor and employment law. The Court concludes that her hourly rate of $250 is reasonable for lawyers of their experience in this community. *See Anderson v. Rochester-Genesee Reg'l Transp. Auth.*, 388 F. Supp. 2d 159 (W.D.N.Y. 2005) (hourly rates from $175 to $250 reasonable). Since the rate claimed is clearly set out in Ms. Lapoff's declaration, Lapoff Decl. ¶ 3, the Court does not find it necessary to direct her to file any retainer agreement or engagement letter as suggested by defense counsel.

Turning to the hours expended, Ms. Lapoff points out that the hours resulting in a previous award of $1,290.00 in fees have been omitted from the present application. She states that her office spent 95.4 hours on the claim, and suggests that the lodestar amount be adjusted downward by 30% to reflect the partial nature of the victory, which was limited to unpaid overtime and vacation pay issues. *Id*. ¶ 7. Thus, she concludes that, "[t]he presumptively reasonable fee, or 'lodestar'[3] may therefore be calculated as

---

[3]The Southern District of New York noted that, "[w]hile *Arbor Hill* eschews the term 'lodestar' in favor of the term 'presumptively reasonable fee,' 522 F.3d at 189, the Court does not believe that *Arbor Hill* holds that there is a substantive distinction between the two terms." *Orient Overseas Container v. Crystal Cove Seafood*, No. 10 Civ 3166 (PGG) (GWG), 2012 W.L. 6720615 (S.D.N.Y. Dec. 28, 2012) (Gorenstein, M.J.).

follows: $250 multiplied by 95.4 hours, less 30%, equals $16,695.00." *Id*. ¶ 8.

The first issue in dispute is the number of hours expended. Defense counsel states that he calculated only 68.2 hours from his review of the motion papers. Vacca Decl. ¶ 7. The Court has added together the hours listed on the three pages of the detailed time records and determined that the first page lists 20 hours, the second page 43.4 hours and the third page 29 hours, making the total hours submitted 92.4, not 95.4 as shown on the third page. Therefore, the presumptively reasonable, or loadstar, fee is arrived at by multiplying 92.4 hours by $250, arriving at $23,100.00. Ms. Lapoff has suggested a 30% reduction, or a reduction by $6,930.00, of that amount to account for the fact that only a portion of the case has been resolved in Plaintiff's favor thus far, which would bring the total fee claimed to $16,170.00. In her Reply Declaration, Ms. Lapoff asks the Court to add three hours at $250.00 per hour, or $750.00, to her claim to account for the time spent researching and drafting the reply. Were the Court to do so, the total attorney's fee claim would amount to $16,920.00.

Defendants rely in part on *City of Burlington v. Dague*, 505 U.S. 557, 562 (1992) with regard to what a reasonable fee is. In that case, the Supreme Court wrote:

> The "lodestar" figure has, as its name suggests, become the guiding light of our fee-shifting jurisprudence. We have established a "strong presumption" that the lodestar represents the "reasonable" fee, *Delaware Valley I*, *supra*, at 565, and have placed upon the fee applicant who seeks more than that the burden of showing that "such an adjustment is *necessary* to the determination of a reasonable fee." *Blum v. Stenson*, 465 U.S. 886, 898, 79 L. Ed. 2d 891, 104 S. Ct. 1541 (1984) (emphasis added).

> \* \* \*

> Second, both before and since *Delaware Valley II*, "we have generally turned away from the contingent-fee model"—which would make the fee award a percentage of the value of the relief awarded in the primary

> action*—"to the lodestar model." *Venegas v. Mitchell*, 495 U.S. 82, 87,
> 109 L. Ed. 2d 74, 110 S. Ct. 1679 (1990). We have done so, it must be
> noted, even though the lodestar model often (perhaps, generally) results
> in a larger fee award than the contingent-fee model. *See, e. g.*, Report of
> the Federal Courts Study Committee 104 (Apr. 2, 1990) (lodestar method
> may "give lawyers incentives to run up hours unnecessarily, which can
> lead to overcompensation").

*City of Burlington*, 505 U.S. at 562 & 565–66 (footnote omitted). Defendants also cite to

*Hensley v. Echerhart*, 461 U.S. 424 (1983) to support their argument that fees should

be reduced for success on only some claims. *Hensley* interpreted 42 U.S.C. § 1988, the

Civil Rights Attorney's Fees Awards Act of 1976. That Act provides that, "a prevailing

plaintiff ' 'should ordinarily recover an attorney's fee unless special circumstances would

render such an award unjust.' ' S. Rep. No. 94-1011, p. 4 (1976), U.S. Code Cong. &

Admin. News 1976, p. 5912 (quoting *Newman v. Piggie Park Enterprises*, 390 U.S. 400,

402, 88 S.Ct. 964, 966, 19 L. Ed. 2d 1263 (1968))." *Id.* at 429. The House Report

referred to twelve factors to consider, all taken from the Fifth Circuit's *Johnson* decision.

The Superme Court listed the twelve factors in a footnote:

> (1) the time and labor required; (2) the novelty and difficulty of the
> questions; (3) the skill requisite to perform the legal service properly;
> (4) the preclusion of employment by the attorney due to acceptance of the
> case; (5) the customary fee; (6) whether the fee is fixed or contingent;
> (7) time limitations imposed by the client or the circumstances; (8) the
> amount involved and the results obtained; (9) the experience, reputation,
> and ability of the attorneys; (10) the "undesirability" of the case; (11) the
> nature and length of the professional relationship with the client; and
> (12) awards in similar cases. 488 F.2d, at 717-719. These factors derive
> directly from the American Bar Association Code of Professional
> Responsibility, Disciplinary Rule 2-106.

*Hensley*, 461 US at 430 n.3. Of course, those are the same twelve factors listed by the

Fifth Circuit in the *Johnson* decision, and the same factors referred to by the Second

Circuit in its *Arbor Hill* decision. Therefore, the Court will review the lodestar, or presumptively reasonable fee, in light of those twelve factors.

### The Time and Labor Required

In reviewing the time records submitted by Ms. Lapoff, the Court already noted the that the total time expended is 92.4 hours, less the 30% Ms. Lapoff suggested. The detailed billing records provided by Ms. Lapoff clearly list the actions she and others working on the file took in preparation for, and litigation and mediation of, Plaintiff's claims and the attorney's fee application. Defendants do not claim that the hours expended were excessive, but, rather, argue that the remaining claim, retaliation, is worth a potential of $200,000.00, and the award of partial summary judgment, amounting to $6,045.83, does not justify an attorney's fee award of nearly triple that amount. Vacca Decl. ¶¶ 4–5, May 17, 2013, ECF No. 38. This factor, the time and labor required, support Ms. Lapoff's application. Additionally, the research conducted in preparing her Reply Declaration is evident from the case law cited, the details related concerning defense counsel's response, and warrants her claim for an additional three hours at her usual billing rate. Weighing the hours claimed against the Court's own knowledge, experience and expertise of the time required to complete similar activities, *see Johnson*, 488 F.2d at 718, the Court determines that the loadstar amount need not be further adjusted up or down.

***The Novelty and Difficulty of the Questions***

Although the outstanding retaliation claim has not yet been resolved, nothing in the papers submitted suggests that the issues involved in this case were novel or particularly difficult. Therefore, this factor does not require adjustment of the loadstar amount.

***The Skill Requisite to Perform the Legal Service Properly***

The Court has already discussed Ms. Lapoff's and Mr. Fusco's experiences, above, in this area of litigation. This factor supports the Court's prior determination that the loadstar amount is reasonable.

***The Preclusion of Employment by the Attorney Due to Acceptance of the Case***

Nothing in Ms. Lapoff's application suggests that she had to turn down other work as a result of taking on this case. Consequently, this factor does not require adjustment of the loadstar amount.

***The Customary Fee***

The Court has already discussed that Ms. Lapoff's hourly rate of $250.00 is in keeping with the rates other lawyers charge for similar litigation work in this District. Therefore, this factor does not require adjustment of the loadstar amount.

***Whether the Fee Is Fixed or Contingent***

Ms. Lapoff, in her reply, stated that her fee agreement with Plaintiff is "contingent on recovery in the action and anticipates that our office will file an application for attorney's fees." Lapoff Reply Decl. ¶ 4, May 28, 2013, ECF No. 38. As the attorney's fee statute involved in this case does not make an award of an attorney's fee discretionary, nor does it base such an award on whether the fee is fixed or contingent, the Court does not find that this factor requires an adjustment of the loadstar amount. In

fact, Ms. Lapoff's Reply Declaration quotes from a recent Southern District case:

> "Fee awards in wage and hour cases are meant to encourage members of the bar to provide legal services to those whose wage claims might otherwise be too small to justify the retention of able legal counsel. The FLSA and the New York Labor Law are remedial statutes, the purposes of which are served by adequately compensating attorneys who protect wage and hour rights." *Morris v. Affinity Health Plan, Inc.*, [8]59 F. Supp. 2d 611, 622 (S.D.N.Y. 2012).

Lapoff Reply Decl. ¶ 4.

### Time Limitations Imposed by the Client or the Circumstances

The papers contain no indication that this factor is involved. Therefore, it does not require an adjustment to the loadstar amount.

### The Amount Involved and the Results Obtained

This factor is the one on which Plaintiff primarily relies to argue that a fee almost triple the award is unreasonable. As quoted more completely above, the Supreme Court's decision in *Texas State Teachers Ass'n* cautions that in a case with a common core of facts and different legal theories of recovery, "'the most critical factor is the degree of success obtained.'" *Texas State Teachers Ass'n*, 489 U.S. at 789 (quoting *Hensley*, 461 U.S. at 436. The Supreme Court also stated that, "in complex civil rights litigation, … the achievement of prevailing party status alone 'may say little about whether the expenditure of counsel's time was reasonable in relation to the success achieved.'" *Id*. at 789 (quoting *Hensley*, 461 U.S. at 436. In such circumstances, the Supreme Court, "indicated that the district courts should exercise their equitable discretion … to arrive at a reasonable fee award, either by attempting to identify specific hours that should be eliminated or by simply reducing the award to account for the limited success of the plaintiff." *Id*. at 789–90.

No reasonable, paying client would expend over $16,000.00 in attorney's fees to recover approximately $6,000.00 in vacation and overtime wages. *See Arbor Hill*, 522 F.3d at 184 ("We therefore suggest that the district court consider, in setting the reasonable hourly rate it uses to calculate the 'lodestar,' what a reasonable, paying client would be willing to pay, not just in deciding whether to use an out-of-district hourly rate in its fee calculation."). In this case, the billing records are not sufficiently detailed to carve out time expended only on the claim for which Plaintiff was awarded a $6,045.83 judgment. The complaint does not demand a sum certain, but, rather demands the following relief:

> A. Unpaid overtime under the FLSA and the Labor Laws in amounts to be determined at trial;
>
> B. A declaratory judgment that defendants' failure to pay overtime was willful;
>
> C. Reinstatement, back pay, benefits and front pay pursuant to the FLSA and the Labor Law;
>
> D. Liquidated damages in the amounts provided for under the FLSA and the Labor Law;
>
> E. Attorneys' fees and costs pursuant to the FLSA and the Labor Law;
>
> F. Such other and further relief as the Court deems just, equitable, and proper.

Compl. at 5. With the information before it, the Court is unable to determine the value of the retaliation claim, which remains open, in relationship to the value of the overtime and vacation award of $6,045.83.

However, the Court notes that in *Kahlil v. Original Old Homestead Restaurant, Inc.*, 657 F. Supp. 470 (S.D.N.Y. 2009), the district court awarded an attorney's fee of $93,172.25 on damages totaling only $36,000.00. There the district court addressed the disproportionate amount of fees versus the recovered amount and wrote the following:

> Defendants contend, however, that plaintiffs' fee request should be further reduced by 60 percent because the suit was settled for nuisance value. While defendants cite other FLSA cases in which awards were substantially greater, the Court is aware of no authority for the proposition that $36,000 (or $4,500 per plaintiff) could be considered de minimis or of only nuisance value. Indeed, far smaller recoveries have supported the award of substantial statutory fees. *See, e.g., Barfield v. New York City Health and Hosp. Corp.*, 537 F.3d 132 (2d Cir. 2008) ($49,889 in attorney fees awarded in FLSA action following summary judgment in the amount of $1,600). To be sure, one of the most important factors a court should consider in awarding fees is the degree of success obtained. *Id.* at 152; *Kassim v. City of Schenectady*, 415 F.3d 246, 254 (2d Cir. 2005); *Pino v. Locascio*, 101 F.3d 235, 237–38 (2d Cir. 1996). At the same time, the simple disproportion between a plaintiff's recovery and the fee applied for is not a proper basis for a reduction in an otherwise reasonable fee. *See Kassim*, 415 F.3d at 252. This is particularly so where, as here, opposing counsel wages a tenacious defense which expands the time required to pursue even straightforward claims. Having imposed a 15 percent reduction in plaintiffs' recoverable hours, the Court is of the considered view that no further adjustment is warranted. Plaintiffs achieved a reasonable result fully justifying the adjusted fee.

*Kahlil*, 657 F. Supp. 2d at 477–78. As was the case in *Kahlil*, Plaintiff's counsel here overcame a strongly argued defense to what would appear to be a straightforward claim, and represented Plaintiff not only before the Court, but also in mediation, which was mandated by the Court.[4]

---

[4]In that regard, Ms. Lapoff has filed a supplemental application for an award of $400 to cover the cost of the mediation billed to her client after she had already submitted the attorney's fee application. Lapoff Decl., May 1, 2013, ECF No. 35.

Ms. Lapoff cites other cases in her Reply Declaration in which attorney fee awards in FLSA cases exceeded the amount recovered. As recognized by the district court in *Morris*,

> Fee awards in wage and hour cases are meant to "encourage members of the bar to provide legal services to those whose wage claims might otherwise be too small to justify the retention of able, legal counsel." *Sand v. Greenberg*, No. 08 Civ. 7840, 2010 U.S. Dist. LEXIS 1120, 2010 WL 69359, at *3 (S.D.N.Y. Jan. 7, 2010). The FLSA and NYLL are remedial statutes, *see A.H. Phillips v. Walling*, 324 U.S. 490, 493, 65 S. Ct. 807, 89 L. Ed. 1095 (1945) (recognizing the FLSA's objective, which is ensuring that every employee receives "a fair day's pay for a fair day's work"); *Samiento*, 883 N.E.2d at 994 (noting the "remedial nature" of the NYLL); the purposes of which are served by adequately compensating attorneys who protect wage and hour rights, *see Reyes*, 2011 U.S. Dist. LEXIS 115984, 2011 WL 4599822, at *7; *Willix*, 2011 U.S. Dist. LEXIS 21102, 2011 WL 754862, at *6; *McMahon*, 2010 U.S. Dist. LEXIS 18913, 2010 WL 2399328, at *7; *Sand*, 2010 U.S. Dist. LEXIS 1120, 2010 WL 69359, at *3.

*Morris v. Affinity Health Plan, Inc.*, 859 F. Supp. 2d 611, at 622–23 (S.D.N.Y. 2012). It is evidently this remedial purpose behind the FLSA and New York Labor Law that sanctions the awarding of attorney's fees that exceed the amount recovered. Were it not for the statutory fee shifting, it is unlikely any attorney would accept an FLSA case where the award did not amount to a substantial sum. Considering that the results obtained were exactly as the statute provided, Ms. Lapoff's and Mr. Fusco's representation was successful. Ms. Lapoff's suggestion of a 30% reduction to recognize the unfinished nature of this case is reasonable under the circumstances.

***The Experience, Reputation, and Ability of the Attorneys***

Nothing in the papers before the Court on this application discusses the reputation and ability of the attorneys and, as previously discussed, their experience well qualifies them as counsel on this case. This factor does require adjustment of the loadstar amount.

***The "Undesirability" of the Case and The Nature and Length of the Professional Relationship with the Client***

These two factors are not an issue in this case. Therefore, neither factor requires an adjustment to the loadstar amount.

***Awards in Similar Cases***

As discussed above in the section concerning the amounts involved and results obtained, the Court cited other cases in which the award was overshadowed significantly by the results obtained. Except in the case where a plaintiff demands millions and recovers only a dollar, *see Pino v. Locascio*, 101 F.3d 235 (2d Cir. 1996) (civil rights case with demand of $21 million against six defendants, resulted in one dollar awarded against one defendant; Second Circuit reversed award of attorney's fee and remanded with instructions to deny the claim), *and Farrar v. Hobby*, 506 U.S. 103, 115 (1992) ("When a plaintiff recovers only nominal damages because of his failure to prove an essential element of his claim for monetary relief, … the only reasonable fee is usually no fee at all."), an award of attorney's fees, even if they exceed the amount recovered, is reasonable.  Accordingly, this factor does not require an adjustment in the lodestar amount.

**CONCLUSION**

The presumptively reasonable attorney's fee includes 92.5 hours expended on the litigation and an additional three hours expended on the well researched reply declaration, totaling 95.4 hours. The reasonable hourly rate is $250.00, thus making the presumptively reasonable fee 95.4 hours times $250.00, or $23,850.00. The Court will reduce that amount by 30% since the case is not yet complete and one remaining claim is outstanding. Consequently, the attorney's fee awarded is $16,695.00.

Further, the Court grants Ms. Lapoff's application to award the cost of mediation totaling $400.00 as well as the costs for the filing fee of $350.00, transcript costs of $253.50 and deposition costs of $605.50. Accordingly, the Clerk is directed to enter judgment in favor of Plaintiff for $16,695.00 in attorney's fees, and $1,609.00 in costs.

IT IS SO ORDERED.

Dated:   June 5, 2014
             Rochester, New York

ENTER:

/s/ Charles J. Siragusa
CHARLES J. SIRAGUSA
United States District Judge